IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: ) <br> TEN SIDE HOLDINGS, LLC, ) <br> ) <br> Debtor. ) <br> ) <br> TEN SIDE MEMBER, LLC, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WATERTON ASSOCIATES, L.L.C. d/b/a ) <br> WATERTON RESIDENTIAL, ) <br> WATERTON PROPERTY ) <br> MANAGEMENT, L.L.C., ARCHSTONE- ) <br> SMITH OPERATING TRUST, DAVID ) <br> SCHWARTZ, GREGORY M. ) <br> WEINGAST, AND JOHN DOES 1-10, ) <br> ) <br>     Defendants. ) | Case No.: 10-bk-93402-crm <br> Chapter 11 <br><br><br><br> Adversary Proceeding <br> No. _____ |

## NOTICE OF REMOVAL

Defendants Archstone-Smith Operating Trust n/k/a Archstone and Gregory M. Weingast (collectively, the "***Archstone Defendants***"), by and through counsel, and pursuant to 28 U.S.C. §§ 1334, 1367, and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), remove this case to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.  The Archstone Defendants state the following in support of removal:

1. On October 21, 2010, Ten Side Member, LLC ("***Member***" or the "***Plaintiff***") filed a lawsuit in the Superior Court of Fulton County, Georgia, styled *Ten Side Member, LLC v. Waterton Associates L.L.C., Archstone-Smith Operating Trust, David Schwartz, Gregory M.*

*Weingast, and John Does 1-10*, Civil Action No. 2010CV192472 (the "**Fulton County Lawsuit**"). A true and correct copy of the Plaintiff's Complaint is attached as Exhibit A.

2. The United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, embraces Fulton County. Removal to this Court is therefore proper under 28 U.S.C. §1452(a).

3. The Archstone Defendants have not been served with the Fulton County Lawsuit.

4. This removal is timely under Bankruptcy Rule 9027(a)(2).

Facts Supporting Removal

5. The Fulton County Lawsuit concerns two loans. The first loan (the "**Senior Loan**") is from KeyBank National Association ("**KeyBank**") to Ten Side Holdings, LLC (the "**Debtor**"). As collateral for the Senior Loan, the Debtor granted KeyBank security interests or security title, or both, in and to the fee simple interest in and to the real property commonly known as Ten Side Multifamily/Retail Project, 1000 Northside Drive, Atlanta, Georgia (the "**Project**"), and in the Debtor's leasehold interest on the underlying land (the "**Property**"), as well as related collateral, interests, and rights, all as more fully set forth in the documents governing the Senior Loan.

6. The second loan (the "**Mezz Loan**") is from Capital Mezz LLC ("**Capital Mezz**"), which is an affiliate of Archstone. The Mezz Loan was made to Member, the Plaintiff in the Fulton County Lawsuit. As collateral for the Mezz Loan, Member granted Capital Mezz security interests or security title, or both, in Member's membership interests in the Debtor, and related collateral, interests, and rights (including rights with respect to property interests of the Debtor), all as more fully set forth in the documents governing the Mezz Loan.

2

7.  The Plaintiff (*i.e.*, Member) is the owner of all of the equity in the Debtor. Member and the Debtor share a common principal, Scott L. Leventhal, who executed separate guaranty agreements with respect to the Senior Loan and the Mezz Loan, as more fully detailed in those loan documents. The Debtor's Project also has a property manager, Williams Residential Management, LLC; payments by the Debtor to this property manager are subordinated to the Mezz Loan upon a default under the Mezz Loan. An affiliate of this property manager holds substantial equity interests in Member, and also executed guaranty agreements with respect to both the Senior Loan and Mezz Loan.

8.  The Senior Loan and the Mezz Loan both matured on July 6, 2010. Neither the Senior Loan nor the Mezz Loan were repaid at maturity, or since, which constitutes a default under both loan agreements. As of maturity, the amount owed by the Debtor on the Senior Loan was $45,188,267.69 in principal, plus accrued and unpaid interest, fees, and costs. As of maturity, the amount owed by Member on the Mezz Loan was $14,633,025.37 plus unpaid fees and costs.

9.  Less than two weeks after the Fulton County Lawsuit was filed, the Debtor filed a Chapter 11 petition in this Court, Case No. 10-93402-crm (the "***Bankruptcy Case***"). The primary assets of the Debtor's bankruptcy estate are the Project and the Property.

10. The Fulton County Lawsuit alleges various wrongdoing by Waterton Associates L.L.C. d/b/a Waterton Residential, Waterton Property Management, L.L.C., and David Schwartz (collectively, the "***Waterton Defendants***"), in conjunction with the pre-petition acquisition of the Senior Loan from KeyBank by Waterton Tenside NH, LLC ("***Waterton Tenside***"). The Fulton

3

County Lawsuit also alleges related wrongdoing by the Archstone Defendants, through Capital Mezz, both on their own and in conjunction with the Waterton Defendants.[1]

11. The thrust of the Plaintiff's damages claim is that the Waterton Defendants and the Archstone Defendants foiled a plot by the Plaintiff and other parties to have "a creditor friendly to [Member's] interests to acquire the" Senior Loan. Compl. at ¶ 31.

12. The Fulton County Lawsuit seeks remedies that relate to and share a common nexus with the Debtor's Bankruptcy Case. First and most importantly, the Fulton County Lawsuit seeks to impose a constructive trust on the Property, which is property of the Debtor's bankruptcy estate. *See* 11 U.S.C. § 541; Compl. at ¶¶ 80-81.[2] Second, the Fulton County Lawsuit seeks to enjoin Waterton Tenside from acquiring the Senior Loan and from causing a loss of the Property by Member, even though Member is not a party to the Senior Loan Agreement (the Debtor is) and does not own the Property (the Debtor does). *See id.* at ¶¶ 60-61.[3] Third, the Fulton County Lawsuit asserts claims for alleged wrongful dissemination of information about the Project — information which presumably belonged to the Debtor, as owner of the Project. *See id.* at ¶¶ 63-78. Fourth, the Fulton County Lawsuit asserts claims for the Archstone Defendants' and the Waterton Defendants' alleged efforts "to deprive Plaintiff

---

[1] The Archstone Defendants and the Waterton Defendants have a very different version of events than set forth in the Complaint, and intend to vigorously defend this action and assert claims of their own under the loan documents and applicable law. For purposes of this Notice of Removal, however, the Archstone Defendants need not set forth their defenses. Rather, they need only set forth the applicable recitals of the Complaint and the overlapping allegations later made by the Debtor.

[2] In this respect, Member's failure to dismiss the Fulton County Lawsuit upon the Debtor's bankruptcy filing is a violation of the automatic stay protecting Holdings. *See* 11 U.S.C. § 362(a)(3).

[3] Arguably, Member's request for an injunction is now moot, as Waterton Tenside acquired the Senior Loan on the day the Fulton County Lawsuit was filed.

4

[Member] of the future productive use of the Property" — property which is owned by the Debtor, not Member. *See id.* at ¶ 74.

13. Shortly after Waterton Tenside acquired the Senior Loan and began exercising remedies, and after Member filed the Fulton County Lawsuit, the Debtor filed a Chapter 11 bankruptcy petition in this Court. The "First Day Affidavit" in support of the Debtor's initial motions laid out much the same story as the Complaint filed by Member. *See* Declaration of Scott L. Leventhal in Support of First Day Motions, Docket No. 12 in the Debtor's Bankruptcy Case (the "***Leventhal Affidavit***"). The Leventhal Affidavit reveals an effort by "a joint venture of multiple parties," loosely defined as the "Third Party" (which presumably includes Member, which is the owner of and insider of the Debtor) to acquire the Senior Loan. Leventhal Aff. at ¶ 16. The Leventhal Affidavit claims that this acquisition effort was stalled due to the discovery of potential environmental liability. *Id.* at ¶ 17. While the "Third Party" was apparently struggling with the environmental liability matters, the Senior Loan matured and was not paid, creating a default. At that time, the alleged wrongs by the Archstone Defendants and Waterton Defendants allegedly took place. *See id.* at ¶¶ 17-24 (essentially mirroring the allegations asserted by Member in the Fulton County Lawsuit).

14. Finally, the "Third Party" referred to in the Leventhal Affidavit (which is presumably the same "creditor friendly to [Ten Side's] interests" referred to in the Fulton County Lawsuit) has allegedly returned, and according to the Debtor now wants to buy the Senior Loan, despite any potential environmental liability which allegedly stalled its efforts before. Leventhal Aff. at ¶ 28.

## Jurisdiction

15. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

16. The Fulton County Lawsuit seeks to impose a constructive trust on the Property, which is property of the Debtor's bankruptcy estate. As noted above, the Fulton County Lawsuit also alleges various wrongdoing by the Archstone Defendants and the Waterton Defendants that implicate the most important part of the Debtor's Bankruptcy Case: the Senior Loan against the Debtor. The Fulton County Lawsuit also implicates claims against Capital Mezz, which in turn has its own rights against the Debtor, which Capital Mezz will assert in the Debtor's Bankruptcy Case.[4]

17. The Leventhal Affidavit clearly shows that the Debtor is going to assert in the Bankruptcy Case overlapping, if not identical, claims against Waterton Tenside, Capital Mezz, and all the other alleged wrongdoers, based on the same facts and circumstances alleged by Member in the Fulton County Lawsuit. Moreover, the Debtor's bankruptcy schedules list the Senior Loan as disputed -- presumably based on the allegations in the Leventhal Affidavit and the same allegations in Member's Complaint. *See* the Debtor's Schedules of Assets & Liabilities at Schedule D, Docket No. 31 in the Bankruptcy Case

18. As such, the Fulton County Lawsuit and the allegations and claims asserted therein implicate not only the bankruptcy jurisdiction of this Court under 28 U.S.C. § 1334, but the core jurisdiction of this Court under 28 U.S.C. § 157, with respect to:

    (i) allowance of claims against the Debtor's bankruptcy estate, *see* 28 U.S.C. § 157(b)(2)(B);

    (ii) counterclaims by the estate against persons filing claims against the estate, *see* 28 U.S.C. § 157(b)(2)(C);

---

[4] To the extent the exercise of rights against Member implicates the automatic stay protecting the Debtor or its property, Capital Mezz will seek appropriate relief from this Court to do so.

6

(iii)   orders to turn over property of the estate, *see* 28 U.S.C. § 157(b)(2)(E); and

(iv)   motions to terminate, annul or modify the automatic stay (which Capital Mezz will file to exercise certain of its rights that impact the Debtor, now that the Mezz Loan has matured and is in default), *see* 28 U.S.C. § 157(b)(2)(G).

Other parts of Section 157(b)'s examples of core jurisdiction will likely also be implicated.

## Statement of Core/Non-Core Status

19.   The Archstone Defendants submit that all matters in the Fulton County Lawsuit are core. To the extent any of the claims or expected defenses and counterclaims are non-core, the Archstone Defendants consent to the entry of a final judgment by the Bankruptcy Court.

## Filings in the Fulton County Lawsuit

20.   Promptly after filing this Notice of Removal, the Archstone Defendants will provide written notice thereof to the Plaintiff and the Waterton Defendants and also will file a copy of the Notice of Removal with the Superior Court of Fulton County, Georgia, under Bankruptcy Rule 9027(b) and (c).

WHEREFORE, the Archstone Defendants pray that this Court assume jurisdiction over this action from the Superior Court of Fulton County, Georgia, and this action proceed under this Court's jurisdiction through 28 U.S.C. §§ 1334, 1367, and 1452, and Bankruptcy Rule 9027.

Respectfully submitted, this 18th day of November, 2010.

<u>/s/ Mark I. Duedall</u>
Lawrence J. Bracken II
Georgia Bar No. 073750
lbracken@hunton.com
Mark I. Duedall
Georgia Bar No. 231770
mduedall@hunton.com
Charlotte M. Ritz
Georgia Bar No. 195201
critz@hunton.com

HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:  404-888-4000
Facsimile:  404-888-4190

***Counsel for Defendants Archstone f/k/a Archstone-Smith Operating Trust and Gregory M. Weingast***

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the **NOTICE OF REMOVAL** on the parties by causing a copy of the same to be deposited in the United States mail, first class postage prepaid and properly addressed as follows:

Michael Weinstock, Esq.
James R. Fletcher II, Esq.
Weinstock & Scavo, P.C.
3405 Piedmont Rd., NE, Suite 300
Atlanta, GA  30305
**Counsel for the Plaintiff**

Burleigh L. Singleton, Esq.
Yendelela M. Neely, Esq.
Robert E. Buckley, Esq.
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street, N.E.
Atlanta, Georgia  30309
**Counsel for Defendants Waterton Associates LLC, Waterton Property Management, LLC and David Schwartz**

This 18th day of November, 2010.

/s/ Mark I. Duedall
Mark I. Duedall