UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **TEN SIDE HOLDINGS, LLC,** | ) | |
| | ) | **Case No. 10-93402-crm** |
| **Debtor.** | ) | |
| | ) | |

**MOTION OF DEBTOR IN POSSESSION FOR AN ORDER
AUTHORIZING DEBTOR TO PAY PRE-PETITION REFERRAL
FEES TO TENANTS AND CONTINUE TENANT REFERRAL PROGRAM
PURSUANT TO §§ 105(a) AND 363 OF THE BANKRUPTCY CODE**

Ten Side Holdings, LLC (the "Debtor") by this motion (the "Motion"), respectfully seek the issuance and entry of an order pursuant to §§ 105(a) and 363 of title 11 of the United States Code, II U.S.C. § 101-1330, as amended (the "Bankruptcy Code"), authorizing the Debtors to pay certain pre-petition referral fees and to continue a the tenant referral program. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue of this case is proper under 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief requested herein are §§ 105(a) and 363 of the Bankruptcy Code.

**BACKGROUND**

4.     On November 3, 2010 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, *et seq.* (the "Bankruptcy Code").

333840 v2

5. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtor owns and operates a 340,509-square foot building consisting of multiple projects. One project constitutes 336 residential units called "Tivoli Tenside", which consists of one, two and three bedroom apartment homes. Another project constitutes 38,600-square feet of ground level retail space, and another constitutes a multi-level parking garage, all located at 1000 Northside Drive, Atlanta, Georgia (collectively, the "Property").[1]

7. Additional information about the Debtor's business and the events leading up to the Petition Date can be found in the Declaration of Scott Leventhal in Support of First Day Motions (the "Leventhal Declaration") which is incorporated herein by reference.

## THE REFERRAL PROGRAM

8. In the ordinary course of business, the Debtor rents residential apartments to various tenants, which is a key element of the Debtor's income and business. Consistent with industry practices, the Debtor maintains a referral reward program to reward current tenants who are the procuring cause of a new tenant (the "Program").

9. If a current tenant refers a third party to the Debtor, and that third party signs a lease and resides in an apartment for at least 30 days, the Debtor will provide a fee to the referring tenant equal to $750.00. A significant amount of the current residential tenants on the Property are the product of this program.

---

[1] Debtor holds a special leasehold interest in the Property, which Property is owned in fee simple by the Atlanta Development Authority a part of a bond financing arrangement. Essentially, the arrangement encouraged the Debtor to construct the Property, and is a large part of the value of the Debtor's assets. The lease arrangement, however, can be cancelled by the Debtor at any time which would then automatically vest fee simple title to the Property in the Debtor.

10. The Program not only procures a large share of tenants for the Property, it is also significantly cheaper and more efficient than additional advertisement or the hiring of additional sales representatives.

11. As of the Petition Date, the Debtor owes referral fees to four tenants, for an amount totaling $3,250.00.[2] The Debtor anticipates referrals to continue post-petition as they have in the past and for the Program to continue bring in a significant portion of the Property's residential tenants.

## **RELIEF REQUESTED**

12. By this motion, the Debtors seek authorization pursuant to §§ 105(a) and 363 of the Bankruptcy Code to honor their prepetition obligations under the Program and to maintain and continue the Program in the ordinary course of business without interruption and in accordance with their prepetition practices. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

13. Section 363(b)(1) of the Bankruptcy Code provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1).

---

[2] Traditionally, the referral fee amount has varied according to market conditions, and in fact, the rate recently changed from $1,000.00 to $750.00 per referral. Of the $3,250.00 owed in fees, three tenants are owed $750.00 according to current rate, and one tenant owed $1,000.00 based on the older rate. If the Court grants the relief requested in this Motion, the Debtor will not change the rate without further approval of this Court.

14. Pursuant to § 363(b), a bankruptcy court is empowered to authorize a debtor to expend funds in the bankruptcy court's discretion outside of the ordinary course of the debtor's business. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Section 363(b) gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances." *Id*. *See also In re Montgomery Ward Holding Corp., et al.*, 242 B.R. 147, 155 (D. Del. 1999) ("Section 363(b) should be interpreted liberally to provide a bankruptcy judge with 'substantial freedom to tailor his orders to meet differing circumstances' and to avoid 'shackling the judge with unnecessarily rigid rules') (internal citation omitted).

15. Although § 363(b) does not set forth a standard for determining when it is appropriate to authorize transactions outside of the ordinary course, courts generally grant such relief if the Debtors articulate a sound business purpose. *Fulton State Bank v. Schipper (In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991); *In re Aerovox, Inc.*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001). In addition, "debtor's business decision should be approved by the court unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice." *In re Aerovox, Inc.*, 269 B.R at 80 (internal citation omitted). Here, the Debtor has a sound business justification for granting the relief requested herein.

16. Due to the competitive nature of the residential rental market, every method by which the Debtor can acquire new tenants is critical. If the pre-petition referral fees are not paid, then faith in the Program will be lost among the current tenants and significant damage done to tenant loyalty. If the Program is not permitted to continue post-petition, then the Debtor will either suffer more vacancies than need be or will be forced to increase its spending in advertisement or additional sales personnel.

333840 v2                                    4

17. Accordingly, considering the minimal expense of the relief requested herein as compared to the anticipated injury to the Debtor's business if this relief is not granted, entry of an order in the form annexed is appropriate and important to the Debtor's ability to successfully reorganize.

**NOTICE**

18. No trustee, examiner or creditors' committee has been appointed in this case. In accordance with Rule 4001(b)(1), notice of this Motion has been provided to counsel for the Debtor's senior secured creditor - Waterton Tenside N.H., LLC, the U.S. Trustee, and the Top 20 creditors. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests the Court enter an order substantially in the form annexed hereto and grant the Debtor such other and further relief as this Court may deem just and proper.

Dated November 24, 2010.

Respectfully submitted,

/s/ Denise D. Dell-Powell
Denise D. Dell-Powell, Esq.
Georgia Bar No. 217070
Burr & Forman, LLP
450 S. Orange Avenue, Suite 200
Orlando, FL 32801
Telephone: (407) 244-0888
Facsimile: (407) 244-0889
Email: ddpowell@burr.com

and

Brad A. Baldwin
Georgia Bar No. 034220
Burr & Forman, LLP
171 17th Street, NW - Suite 1100
Atlanta, GA 30363

        Telephone:  (404) 815-3000
        Facsimile: (404) 214-7930
        Email:  bbaldwin@burr.com

**PROPOSED COUNSEL TO DEBTOR**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's ECF/Electronic Filing System, and to the extent that the foregoing was not served electronically via the CM/ECF system, I caused a copy of the same to be served via first call mail postage on November 24, 2010 prepaid to:  Paul M. Rosenblatt, Esq., KILPATRICK, STOCKTON LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309-4530; and the Debtor's Top 20 Unsecured Creditors on the attached list.

        /s/ Denise D. Dell-Powell
        Denise D. Dell-Powell, Esq.

333840 v2

6

## LIST OF TOP 20 UNSECURED CREDITORS
**(as amended)**

AICCO, Inc.
1001 Winstead Drive
Suite 500
Cary, NC 27513

Alston & Bird, LLP
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309

Atlanta's Best Burgers, LLC
Attn: Michael E. Melton
2400 Herodian Way, SE
St. 157
Smyrna, GA 30080

Benny Lee and Loc (Ben) Nguyen
3889 Ashford Dunwoody Rd.
Atlanta, GA 30319

CBS Outdoors
185 US Highway 46
Fairfield, NJ 07004

CDS Creative, LLC
Attn: Carla Desormot-Saintil
1000 Northside Dr., Suite 1000
Atlanta, GA 30318

Colliers International-Atlanta Realty, LC
5871 Glenridge Dr., Suite 400
Atlanta, GA 30328

Fellers, Schewe, Scott and Roberts, Inc.
PO Box 450233
Atlanta, GA 31145

Fitness Battalion, Inc.
Attn: Mike Maddalena
1000 Northside Dr., Suite 400
Atlanta, GA 30318

Georgia Power Company
805 B R D Abernathy Blvd.
Atlanta, GA 30310

HTS Subs, Inc.
Attn: Tony Saraj
1000 Northside Dr., Suite 1200
Atlanta, GA 30318

Metromont Corporation
200 Metromont Road
Hiram, GA 30141

Nova Engineering & Environmental Services, Inc.
PO Box 277685
Atlanta, GA 30384

Park Landscape Services, LLC
4860 Martin Court
Smyrna, GA 30082

Premier Environmental Services
1880 W. Oak Parkway
Building 100, Suite 106
Marietta, GA 30062

ProMove
c/o Advance Financial Corp.
PO Box 720477
Atlanta, GA 30358

QOS, Inc. d/b/a Zen on Ten
c/o Veerasak Phingbodhipakkiya
1000 Northside Dr., Suite 600
Atlanta, GA 30318

Sears
PO Box 630859
Irving, TX 75063

ThyssenKrupp Elevator
PO Box 933004
Atlanta, GA 31193

Vitality Works
572 Star Flower Lane
Buford, GA 30518

333840 v2

# EXHIBIT "A"

333840 v2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **TEN SIDE HOLDINGS, LLC,** | ) | |
| | ) | **Case No. 10-93402-crm** |
| Debtor. | ) | |
| | ) | |

**ORDER AUTHORIZING DEBTOR IN POSSESSION
TO CONTINUE TENANT REFERRAL PROGRAM**

This matter coming before the Court on the Motion of Debtor in Possession for an Order Authorizing Debtor to Pay Pre-Petition Referral Fees to Tenant and Continue Referral Program (the "Motion") filed by the above-captioned debtor in possession (the "Debtor"). The Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"), and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances; and (d) just cause exists for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

333840 v2

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The Debtor is authorized, but not directed, to pay the referral fees owed to tenants for pre-petition referrals, for an amount totaling $3,250.00.

4. The Debtor is authorized, but not directed, to continue the tenant referral Program post-petition and to continue paying referral fees in the ordinary course arising under or in connection with Program and consistent with the Debtor's prior practices.

5. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

### END OF DOCUMENT ###

Prepared and presented by:

/s/ Denise D. Dell-Powell
Denise D. Dell-Powell, Esq.
Georgia Bar No. 217070
Burr & Forman, LLP
450 S. Orange Avenue, Suite 200
Orlando, FL 32801
Telephone:  (407) 244-0888
Facsimile:  (407) 244-0889
Email:  ddpowell@burr.com

and

Brad A. Baldwin
Georgia Bar No. 034220
Burr & Forman, LLP
171 17th Street, NW - Suite 1100
Atlanta, GA 30363
Telephone:  (404) 815-3000
Facsimile: (404) 214-7930
Email:  bbaldwin@burr.com
*Proposed Counsel to Debtor*

333840 v2